IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANUEL REYO PENA GARCIA MONTERO, )
    Petitioner, )
     )
    v. ) 2: 16-CV-857
DEPT. OF HOMELAND SECURITY, et al., )
    Respondents. )

REPORT and RECOMMENDATION

Manuel Raul Reyo Pena Garcia Montero, an inmate at the United States Penitentiary - Canaan, has presented another petition pursuant to 28 U.S.C. § 2241 challenging his continued detention despite an order for his deportation to Cuba which was issued in 1994. Attached to his original petition filed in this Court at 2:16-408 is a copy of an Order of the from the United States District Court for the Eastern District of Pennsylvania at Civil Action 15-cv-5821 demonstrating that he is raising the same issue in that Court, as well as an Order from the United States District Court for the Middle District of Pennsylvania at Civil Action 3-cv-16-42 demonstrating the pendency of a similar action in that court. Attached to the present petition is a copy of the order entered in the Middle District of Pennsylvania on June 1, 2016 at 1:16-cv-752 in which the Court stated that the petition at 1:16-cv-752 "is identical to a petition recently considered on the merits and denied by our colleague the Honorable William J. Nealon…3:16-cv-42 …" and as a result dismissing the pending petition. We also note that the petitioner is incarcerated in the Middle District of Pennsylvania.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge

panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Since leave to proceed has not been secured from the Court of Appeals, it is recommended that the instant petition be dismissed as an unauthorized successive petition.

Litigants who seek to challenge this Report and Recommendation must seek review by a district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

|  | Respectfully submitted,<br>s/ Robert C. Mitchell |
|---|---|
| Filed: July   2016 | United States Magistrate Judge |